## No. 11,270.

### GEORGE J. REILY & Co. vs. THEIR CREDITORS.
### GEORGE J. REILY vs. HIS CREDITORS.    CONSOLIDATED.

The insolvency of the partnership and that of the individual partner having by an order of court been consolidated in one case to be decided in one judgment, form but one suit.

The separate creditors having been compelled by the consolidation to prove their claims in these consolidated proceedings, have the right to vote for the discharge or against the discharge of the debtor.

The separate creditors of one of the partners have an interest in his estate in the partnership, for, if there is any balance of the estate of the partnership after payment of its debts, such balance must be divided and appropriated to and among the separate estates of the several partners according to their respective rights and interest therein, and the sum so appropriated to the separate estate of each partner must be applied to the payment of the separate debts.

APPEAL from the Thirteenth District Court, Parish of East Feliciana, *Brame, J.*

*W. F. Kernan* for George J. Reily, Appellee.

*John H. Stone* and *Clegg & Thorpe* for John Viers, Syndic, and H. & C. Newman, Appellants.

The opinion of the court was delivered by

BREAUX, J.    The commercial firm of George J. Reily & Co., composed of George J. Reily and John B. Dunn, made a surrender of their partnership property and filed a schedule of its assets and liabilities.

A meeting of the creditors of the firm was held and elected a syndic, and exempted him from furnishing bond.

Subsequently, George J. Reily individually made a surrender of his property and filed a schedule of his assets and liabilities.

The syndic of the insolvent estate of the firm of George J. Reily & Co. moved to consolidate the insolvent proceedings of George J. Reily, individually, with the insolvent proceedings of the firm of which he was a member.

A creditor to whom Reiley individually owed more than $20,000 opposed the motion.

The court sustained the motion, and the insolvency proceedings were consolidated.

From the order consolidating the two insolvencies, the provisional syndic of the insolvency of George J. Reily, individually, appealed.

The creditor who opposed the motion to consolidate in the District Court also appealed.

This court affirmed the order consolidating the proceedings in insolvency. Reily vs. Creditors, 44 An. 370.

The syndic of the insolvent firm of Reily & Co., after the case had been remanded in compliance with the decree of this court, took charge of the consolidated suits and administered as one insolvency the two insolvencies, without objection on the part of any of the creditors.

At a meeting of all the creditors, those of Reily individually and those of Reiley & Co., a majority in number and amount, it is alleged, voted for the discharge of George J. Reily from his debts.

George J. Reily thereupon sued out a rule on H. & C. Newman and other creditors of the firm of George J. Reiley & Co. to show cause why the proceedings of that meeting should not be homologated and why he should not be discharged from his liabilities.

The defendants in rule consent to the discharge of George J. Reily, individually, in so far as his separate creditors are concerned, but deny his right to a discharge from the debts of George J. Reily & Co.

They oppose the discharge on the grounds:

That the creditors at the first meeting of creditors refused to vote for the discharge of the debtor George J. Reily & Co.; that it was not lawful for the creditors of George J. Reily & Co. to participate with the creditors of the partnership on the petition for a discharge, the firm being a different person from the partner, and his separate creditors not its creditors.

The District Court rejected the demand of the creditors, and disallowed the objections and oppositions urged against the discharge of George J. Reily, individually, and as a member of the partnership.

As to the alleged refusal to discharge the partnership at the first meeting of creditors, if the proceedings of that meeting were homologated, we have not found evidence of the fact in the record.

Granting that they are homologated, the consolidation of the

insolvencies, at the instance of the syndic, representing the creditors of the partnership and in their interest, resulted in a change in the number of the creditors called into the partnership insolvency, and in an increase of the amount of assets and liabilities of that insolvency.

The consolidation of the insolvencies has given rise to questions not affected by the result of the first meeting.

The refusal of the creditors of the partnership at their first meeting could not operate as a bar to a second meeting of the creditors of the consolidated insolvencies.

The order of consolidation is irrevocable.

The separate creditors and the debtor can not be denied any right they had prior to the consolidation.

One of the rights of the debtor was to a discharge from his separate indebtedness, upon a vote of a majority in number and amount.

The order consolidating the insolvencies was issued upon the theory that the rights of all concerned would continue, and be exercised in the joint proceedings as in one case, to be decided in one judgment.

It was not contemplated that the separate creditors would be excluded from participation in all proceedings in which they were concerned.

The extent of these rights of the creditors, and the effect of their vote for a discharge, arises in the determination of the objection interposed to their participation in the vote.

The principal ground of contention is that they are not the creditors of the partnership.

Both the creditors of the firm and the separate creditors voted at the second meeting.

The debtor placed *all* his debts on his bilan. A majority in number and amount voted for his discharge.

They were all *his* creditors, and the result of the vote secured to him the right to his discharge. C. C. 2177.

Although the separate creditors are not the creditors of the partnership, they are not without interest in the administration and the disposition of its assets; an interest which can be represented in the proceedings, even to the extent of voting for the discharge of the debtor, especially when consolidation has been ordered, as in the case at bar.

Upon this point the jurisprudence of the United States Courts, and the bankruptcy laws, until recently in force, clearly establish the interest of the separate creditors, and have settled the principle that, although the creditors of the partnership and the separate creditors are not entitled to come in *pari passu* upon the joint and separate estates of a bankrupt for a dividend thereof, they are entitled to prove their claims against his estate for the purpose of assenting to · or dissenting from his certificate of discharge, which will operate as a discharge against his joint and separate creditors. Story on Partnership, Sixth Ed., p. 608.

The provisions in the United States Bankrupt Act of 1867, concerning partnerships, are contained in the thirty-sixth section of the act, and clearly follow the doctrine of the texts of Story, Gow, Cook, Deacon and Lindley on the subjects of partnerships and their bankruptcies.

The act on this point reads: "If there shall be any balance of the separate estate of any partner, after the payment of the separate debts, such balance shall be added to the joint stock for the payment of the joint creditors; and if there shall be any balance of the stock after payment of the joint debts, such balance shall be divided and appropriated to and the separate estates of the several partners, according to their respective rights and interests therein, and as it would have been if the partnership had been dissolved without any bankruptcy; and the sum so appropriated to the separate estate of each partner shall be applied to the payment of separate debts; *and the certificate of discharge shall be granted or refused to each partner as the same would or ought to be if the proceedings had been against him alone.*" (Italics are ours.)

The State insolvent laws have not in terms indicated the rights of the partners in matter of their discharge, on the vote of the joint and separate creditors.

In interpreting these statutes we have followed principles approved by most worthy commentators and which were practically tested when the bankruptcy laws were in force. They throw great light upon the subject.

The district judge has limited his decree to the rejection of the demands of appellants. He has not followed the rejection by a decree homologating the proceedings of the meeting of creditors.

He did not pass upon the application for a discharge.

We will not amend the judgment, as it would involve the decision of an original question on appeal.

Judgment affirmed at appellants' costs.